[Cheshire, December, 1886.]

### COUILLARD *v.* SEAVER.

PETITION for a new trial. The defendant demurred; the court sustained the demurrer, and the plaintiff excepted.

*H. Blake* and *D. H. Woodward,* for the plaintiff.

*H. W. Brigham* and *Batchelder & Faulkner,* for the defendant.

SMITH, J. The original action of trespass, brought by the plaintiff, was tried by the court, and judgment was rendered for the defendant. The following are the facts stated in the petition: The matter in controversy was a boundary line; before the trial the parties agreed to try the case on their deeds; and for that reason the plaintiff summoned no witnesses. At the trial the defendant introduced evidence of an agreed boundary. The plaintiff, being surprised, and not prepared to meet the defendant's evidence, moved for a continuance. His motion was denied, and the trial was postponed until the afternoon of the next day, when his witnesses testified. His counsel had but a short time for examining his witnesses before calling them to the stand, and is convinced that one of them did not testify as fully as he should have done. By the application of the 50th rule of court, the plaintiff was allowed to introduce rebutting evidence only. These facts do not show that "justice has not been done through accident, mistake, or misfortune, and that a further hearing would be equitable." G. L., *c.* 234, *s.* 1. If justice required that counsel should have

more time for the examination of witnesses after their arrival and before the resumption of the trial, a motion for more time should have been made, according to the usual practice in such cases. It frequently happens that at the time fixed by an order for beginning or resuming a trial more time is needed for preparation than was supposed to be necessary when the order was made. The failure of the plaintiff to make the usual motion is no cause for reversing the judgment. It is not alleged that the plaintiff's case would have been strengthened if more time had been obtained for a previous examination of his witnesses. It is only said that his counsel " is convinced " that one of them " did not testify as fully as he should have done." To make this a ground for a new trial would greatly impair the just value of a verdict. It does not appear how the plaintiff was affected by the 50th rule. The defence being an agreed boundary, all the testimony of the plaintiff's witnesses was rebutting.

*Exceptions overruled.*

ALLEN and CARPENTER, JJ., did not sit : the others concurred.